Dear Mayor Stephens:
This office is in receipt of your opinion request, wherein you make the following inquiry:
 Does the Village of Fordoche Police Department have the authority to enforce a parish ordinance concerning open containers and noise, or is enforcement authority solely vested in the parish sheriff's office?
Several articles within the Louisiana Code of Criminal Procedure govern our conclusion. Your attention is first directed to the provisions of LSA-C.Cr.P. Art. 213, which provide in pertinent part:
A peace officer may, without a warrant, arrest a person when:
 (1) The person to be arrested has committed an offense in his presence. . . . (Emphasis added).
A "peace officer" is statutorily defined as:
 . . . any full-time employee of the state, a municipality, a sheriff, or other public agency whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department. LSA-R.S. 40:2402(1)(a); (Emphasis added).
Further, an "offense" is defined as "both a felony and a misdemeanor"; a "misdemeanor" means "any offense other than a felony, and "includes the violation of an ordinance providing a penal sanction". See LSA-C.Cr.P. Art. 933. An officer shall issue a summons "when it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor" when he has reasonable grounds to believe that the person will appear upon summons. LSA-C.Cr.P. Art. 211(A)(1).
Because a municipal police officer is a "peace officer" within the meaning of the statute, this office is of the opinion that he has the authority to enforce those "ordinance[s] providing a penal sanction" which may include a parish ordinance providing a penal sanction. The language of the statute makes no distinction based on the source of the ordinance.
As an aside, note the arrest must be made (absent other exigent circumstances) or summons must be issued within the officer's jurisdiction. The issue of a peace officer's powers outside of his jurisdiction is a separate issue; we enclose copies of Attorney General Opinions 93-243 and 88-116, which give insight on this point.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ 93-761